```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PETER GOMES FONTES,            )
     Petitioner,               )
                               )     Criminal No. 03-10137-PBS
v.                             )     (related to C.A. 09-11349-PBS)
                               )
UNITED STATES OF AMERICA,      )
     Respondent.               )
```

MEMORANDUM AND ORDER
March 25, 2010

SARIS, D.J.

## I. INTRODUCTION

Now before this Court is petitioner Peter Gomes Fontes ("Fontes") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 73).  This motion was filed after a re-sentencing on January 27, 2009 based on a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the amended Guideline range for crack cocaine sentences. See Amended Judgment (Docket No. 70); Order Reducing Sentence Re: Crack Cocaine Offense (Docket No. 69).  Fontes now seeks a further reduction of his sentence below the statutory mandatory minimum.

The relevant background is as follows.  On April 30, 2003, Fontes was charged in a two-count Indictment with conspiring to distribute, and distributing, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Indictment (Docket No. 4).

On March 31, 2004, Fontes entered a guilty plea to both counts of the Indictment, pursuant to a plea agreement. On August 18, 2004, this Court found Fontes responsible for 123.9 grams of powder cocaine and 59.2 grams of cocaine base (crack cocaine), and sentenced Fontes to a term of 126 months imprisonment followed by five years of supervised release. Judgment (Docket No. 44). At sentencing, Fontes's Guideline imprisonment range was found to be 140 to 175 months. Statement of Reasons (Docket No. 45).

On July 20, 2005, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed this Court's sentence on July 20, 2005. United States v. Fontes, 415 F.3d 174, 175 (1st Cir. 2005). On appeal, Fontes argued that once this Court found that government agents had engaged in sentencing factor manipulation based on an improper motive to increase his sentence, this Court was compelled to find that the government's conduct was egregious enough to authorize a sentence below the statutory mandatory minimum. Id. at 181. The First Circuit recognized the district court's power to impose a sentence below the statutory mandatory minimum as an equitable remedy for sentencing factor manipulation by the government, but stressed this form of relief was reserved only for extreme and unusual cases. Id. at 180, citing United States v. Capelton, 350 F.3d 231, 246 (1st Cir. 2003); United States v. Connell, 960 F.2d 191,

194 (1st Cir. 1992)(other citations omitted).  In affirming the sentence, the First Circuit held that this Court's conclusion that the government's conduct was not extreme and outrageous enough to warrant a sentence below the statutory mandatory minimum was a matter "not lightly to be disregarded."  <u>Fontes</u>, 415 F.3d at 183.

On November 28, 2005, Fontes's petition for writ of certiorari to the United States Supreme Court was denied.  <u>Fontes v. United States</u>, 546 U.S. 1050 (2005).

After exhausting direct appellate remedies, on August 25, 2006, Fontes filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel.[1]  <u>See</u> § 2255 Motion (Docket No. 59)(also opened on the Court dockets as Civil Action No. 06-11520-PBS, Docket No. 1).

On May 7, 2007, this Court denied Fontes's § 2255 motion. Fontes filed an appeal with the First Circuit, and on June 6, 2008, the First Circuit denied his request for a certificate of appealability and terminated his appeal.  Mandate (Docket No. 22

---

[1]Specifically, Fontes alleged two deficiencies in his counsel's conduct: (1) counsel did not adequately inform him of the alleged futility in arguing sentencing factor manipulation; and (2) counsel did not inform him that had he proceeded to trial instead of pleading guilty pursuant to a plea agreement, he would have been entitled to a jury instruction on a lesser included offense with respect to distribution of cocaine (as opposed to distribution of cocaine base).

in Civil Action No. 06-11520-PBS; Fontes v. United States, No. 07-1915 (1st Cir. 2008).

Subsequently, in light of the changes in the law regarding crack cocaine offenses, on October 22, 2008, this Court entered a Procedural Order re: Crack Cocaine Offenses (Docket No. 67 in CR 93-10137-PBS), and appointed counsel for Fontes in connection with the re-sentencing issues.  On January 14, 2009, the parties filed a Status Report (Docket No. 68) which outlined the original Guideline calculations and the amended Guideline calculations. The parties jointly agreed to a sentence reduction recommendation from 126 months to the statutory minimum of 120 months imprisonment, pursuant to 18 U.S.C. § 3582.

On January 27, 2009, this Court re-sentenced Fontes to a term of 120 months, within the amended Guideline range, determined to be 120 months to 150 months.  Amended Judgment (Docket No. 70); Order Regarding Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)(Docket No. 69).

Thereafter, on August 10, 2009, Fontes filed the instant Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 claiming that this Court should have lowered his sentence even further, without regard to the 120 month statutory minimum.  Further, Fontes claimed he should only be held responsible for 50 grams of powder cocaine, and seeks relief on the grounds that Spears v. United States 129 S.Ct. 840 (2009)

must be applied retroactively, in light of United States Supreme Court cases including, *inter alia*, Kimbrough v. United States, 552 U.S. 85 (2007), United States v. Booker, 543 U.S. 220 (2005), Apprendi v. New Jersey, 530 U.S. 466 (2000) and Teague v. Lane, 489 U.S. 288 (1989). Fontes contends that this Court had the authority under Spears to sentence him below the mandatory minimum sentence, and asks this Court to grant him permission to file a second or successive § 2255 motion on this basis.

In response, the United States filed an Opposition (Docket No. 74) asserting that this Court lacks jurisdiction over Fontes's second § 2255 motion because he has failed to obtain, from the First Circuit, the required permission to file a second or successive petition. The United States contends that dismissal, rather than transfer of this matter to the First Circuit, is the appropriate course of action because Fontes has failed to cite to any newly discovered evidence or any new rule of constitutional law made retroactive to his case by the United States Supreme Court, as required under 28 U.S.C. § 2255(h), and because Fontes's contention of the retroactivity of Spears is misplaced and contrary to law, citing United States v. Webb, 2009 WL 2992563, *1 (W.D. Va. Sept. 17, 2009)(Spears decision does not retroactively apply to cases on collateral review; rather Spears "merely recognized that federal trial judges have discretion at the time of sentencing to 'reject and vary categorically from the

crack-cocaine Guidelines based on a policy disagreement with those Guidelines'"). In short, the United States contends that no relief can be granted to Fontes, as this Court lacks authority to reduce his sentence any further, citing United States v. McClellon, 578 F.3d 846, 861-62 (8th Cir. 2009).[2] The United States also contends that, as frustrating as it may be for Fontes, only Congress can correct the statutory problem to remedy a sentencing requirement. Id. at 862.

On November 9, 2009, Fontes filed a Reply (Docket No. 77) in which he contends that this Court has jurisdiction under § 2255 under the auspices of the savings clause of § 2255. Fontes also reiterates his contention that Spears should apply retroactively to his case, through Booker and its progeny.

## II.  DISCUSSION

### A.  Overview: The Amendments to Crack Cocaine Guidelines

Amendment 706 to the Sentencing Guidelines became effective on November 1, 2007.[3] This amendment addressed the disparity in

---

[2] In McClellon, the district court rejected the petitioner's argument that the imposition of the mandatory minimum sentence under 21 U.S.C. § 841(b)((1)(B) violated due process and equal protection of law, and that the mandatory minimum sentence under § 841(b)(1)(A) is un constitutional. The Court noted that the United States Supreme Court in Kimbrough held that a different "powder-to-base ratio in the Guidelines and § 841(b)(1) was permissible," but that the district court remained bound by the mandatory minimum sentences). McClellon, 578 F.3d at 861-62.

[3] Senator Richard Durbin, A Bill to Restore Fairness to Federal Cocaine Sentencing. S. 1789.

sentences between defendants convicted of possession of different forms of cocaine.  Prior to the amendment, the Guidelines provided for a 100-to-1 ratio for sentences involving crack cocaine in comparison to those involving cocaine powder. Amendment 706 altered this 100-to-1 ratio so that the overall effect was to reduce by two levels the base offense level of a defendant sentenced for a crack cocaine offense.  <u>United States v. Rivera</u>, 535 F. Supp. 2d 527, 528-29 (E.D. Pa. 2008). Amendment 706 applies retroactively, as it is one of the amendments listed in U.S.S.G. section 1B1.10(c)(providing that if the reduction in the base offense level changes the sentencing range that served as the basis for the sentence, then the defendant's sentence may be modified).

In addition to amendment 706, amendment 711 became effective on November 1, 2007.  Amendment 711 applies to the calculation of sentences when additional drugs besides cocaine base are involved in the offense.

The method for modification of sentence in view of the amended Guidelines is through a motion pursuant to 18 U.S.C. § 3582(c)(2).

B.  **Jurisdiction of This Court**

The United States contends that this Court lacks jurisdiction to consider <u>any</u> of Fontes's claims under § 2255 because his motion amounts to a "second or successive" motion,

requiring advance permission to file from the First Circuit. This Court agrees with the United States in part, but disagrees in part and rejects the government's argument that no claims of Fontes may be considered in this motion.

    1.   <u>Previously Asserted Challenges to Sentence</u>

First, to the extent that Fontes seeks to raise issues previously raised in his prior § 2255 motion filed on August 26, 2006 or which attempts to assert issues that could have been raised in his earlier § 2255 motion (as, for instance, the Court's determination of the drug quantities involved), he may not do so in this second § 2255 motion, and this Court lacks jurisdiction to consider his arguments unless and until he receives permission from the First Circuit (and not this Court) to raise such claims. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). <u>See, e.g.</u>, <u>United States v. Peters</u>, 524 F.3d 905 (8th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 290 (2008)(in § 3582 re-sentencing, district court could consider only applicable Guidelines but not any alleged "clear error" that may have occurred at the original sentencing, such as the calculation of criminal history points as a result of a prior conviction); <u>United States v. Carter</u>, 500 F.3d 486 (6th Cir. 2007)(where there is a new attack on the merits of the original sentence raised in the context of a § 3582 motion, the attack is beyond the scope of a proper § 3582 motion (and by extension, a § 2255 motion attacking the § 3582 amended

judgment), such that the attack must be construed as a numerically second § 2255 motion, cognizable only if it is not a "second or sucessive" motion as defined by law, or if there has been authorization to file a second or successive motion); <u>Stines v. United States</u>, 2008 WL 4057146 (E.D. Mich. 2008)(noting that the Sixth Circuit has held that where there is an attack on the merits of the case -- rather than a request for modification to change the applicable Guidelines used in sentencing a defendant under 18 U.S.C. § 3582 -- the authorization process is invoked, citing <u>In re Sims</u>, 111 F.3d 45 (6th Cir. 1997)).  <u>See also</u> <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997)(even if eligible for a reduction in sentence under § 3582(c)(2), this does not provide for a "full de novo resentencing." ); <u>Harris v. United States</u>, 2009 WL 303701 (W.D. Pa. 2009); U.S. Sentencing Guidelines Manual § 1B1.10(b)(the court cannot revisit any sentencing determinations other than those affected by the amendment to the guideline).

In short, 18 U.S.C. § 3582(c) does not authorize this Court to consider extraneous re-sentencing issues, and therefore Fontes's § 2255 motion (challenging his § 3582(c) sentencing) also may not be used as a means to consider such extraneous issues.  In light of this, the Court will DISMISS any claims raised under 28 U.S.C. § 2255 that have been or could have been raised previously in Fontes's first § 2255 motion.  The Court

finds that transfer of Fontes's claims to the First Circuit is not warranted in the interests of justice under the circumstances presented here.  <u>See</u> First Circuit Local Rule 22.2(e)(providing for dismissal or transfer of a second or successive § 2255 motion filed without the requisite authorization by the court of appeals); 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

  2.  <u>Challenges to Amended Sentence Imposed Under Section 3582(c)(2)</u>

Next, the Court disagrees with the United States's argument as to the lack of jurisdiction to consider Fontes's challenges to the "Amended Judgment" imposed under 18 U.S.C. § 3582(c).  This Court rejects the United States's position that Fontes's claims in this § 2255 motion constitute a "second or successive" motion requiring permission from the First Circuit to file.  Rather, the Court concludes that it <u>does</u> have jurisdiction to consider these challenges in the context of a § 2255 motion because such a motion is not considered to be a second or successive motion as those terms are defined under controlling law, notwithstanding that this is Fontes's "numerically" second motion.  The First Circuit has stated that "[a] disposition on the merits of a previous section 2255 motion renders a subsequent application

"second or successive." Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir. 2000). See Coplin-Bratini v. United States, 2009 WL 605758 (D. P.R. 2009).

Here, although literally a "second" § 2255 motion, Fontes's prior § 2255 is not, in legal effect, a "second or successive" motion for purposes of the prior authorization requirement under 28 U.S.C. § 2244(b)(3)(A). There was no prior disposition on the merits of a Spears challenge, and, clearly, Fontes could not have presented his claims regarding the statutory mandatory minimum sentence in an earlier motion, since the amended Guidelines were not in effect, nor had the Supreme Court issued the Spears decision forming the basis for his claims. As the First Circuit has stated:

> Not every literally second or successive § 2255 petition is second or successive for purposes of AEDPA [Antiterrorism Effective Death Penalty Act]. See Stewart v. Martinez-Villareal, 523 U.S. 637, 643-46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). The Supreme Court and this court have outlined several situations in which a later petition is not "second or successive:" (1) where the later petition raises the same grounds as a previous petition that had been dismissed as premature, see id.; (2) where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies [citations omitted]; (3) where the earlier petition terminated without a judgment on the merits, see Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); or (4) where the later petition attacks a different criminal judgment, such as where a prisoner who has successfully brought a first habeas claim is retried, reconvicted, and resentenced

> and then attacks the new judgment, see Pratt, 129 F.3d at 62; see also Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998)(later petition presenting issues that were unripe until re-sentencing that resulted from first petition not second or successive).... The first three exceptions involve nominally successive petitions that are really extensions of original petitions that, for technical or prematurity reasons, were not addressed on the merits. **The fourth exception is for a petition attacking an entirely different criminal judgment than was attacked in the first petition.**

Sustache-Rivera, 221 F.3d at 12-13 (citations omitted, brackets added, and emphasis added in bold). See Restucci v. Bender, 2010 WL 936556 (1st Cir. Mar. 15, 2010)(finding petitioner's application for leave to file second or successive habeas petition unnecessary because his challenge to the denial of parole rather than to his underlying state conviction was not a second or successive habeas petition because petitioner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition).[4]

---

[4] In reaching this conclusion, Restucci cited to Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000) for the proposition that "'The phrase "second or successive petition" is a term of art,' designed to avoid abuse of the writ" and In re Cain, 137 F.3d 234, 236-37 (5th Cir. 1998) for the proposition that "Congress did not intend for the interpretation of the phrase 'second or successive' to preclude federal district courts from providing relief for an alleged procedural due process violation relating to the administration of sentence of a prisoner who has previously filed a petition challenging the validity of the conviction or sentence, but is nevertheless not abusing the writ"). Restucci, 2010 WL 936556 at *1. Restucci concluded that "this is the only sensible reading of the statute...." Id.

Here, there is no question that Fontes is attacking an entirely _different_ criminal judgment (*i.e.*, the Amended Judgment) than was attacked in the first § 2255 motion.

In light of this, the Court will consider the merits of Fontes's claims challenging the Amended Judgment, and will consider the arguments of the United States in the context of an assertion that Fontes fails to state a cognizable due process habeas claim, as opposed to the lack of jurisdiction of this Court.

**C.    Non-Retroactivity of Spears**

The United States argues that <u>Spears</u> does not apply to Fontes retroactively because he has not raised any new rule of law made retroactive by the Supreme Court.  Conversely, Fontes contends the United States Supreme Court decision in <u>Spears</u> should be applied to him retroactively (thus giving this Court the authority to reduce his sentence lower than the statutory minimum mandatory term of imprisonment), when recent Supreme Court case law is read cumulatively.  While Fontes has exerted much effort to review case law in this area, the Court does not find his arguments to be persuasive.  Fontes does not meet his burden to prove his sentence should be lowered, for the reasons discussed below.

1.  <u>Non-Retroactivity of Spears</u>

Fontes argues that although the Supreme Court has not expressly pronounced a new rule of law that is retroactive, <u>Spears</u> nevertheless should be applied retroactively to his sentence under the <u>Teague</u> exceptions.  Under <u>Teague</u>, a decision is applicable retroactively if it states a new rule that is substantive, or if it is a "watershed" procedural rule.[5]  <u>Teague</u>, 489 U.S. at 301.

Without belaboring the matter, the Court need not delve into these arguments in great detail.  Fontes's arguments concerning the retroactivity of the <u>Booker</u> – <u>Spears</u> line of cases are contrary to established and persuasive case law.  This Circuit and others courts have held that <u>Booker</u> and its progeny do <u>not</u> apply retroactively.  "Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987... Certainly <u>Booker</u> itself does not give any clear hint that retroactive effect is intended."  <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 532 (1st Cir. 2005). "Every other circuit that has

---

[5]A watershed rule is one that breaks new ground or imposes new obligations on the state or federal government.   <u>Teague</u>, 489 U.S. at 301.

considered this issue has agreed that Booker does not apply retroactively." Id.[6]

Moreover, "[n]either Booker or Kimbrough have been held to apply retroactively." United States v. Veale, 2008 WL 619176, *3 (N.D.N.Y. 2008). Similarly, Spears is not applicable retroactively. See United States v. Perkins, 2009 WL 3698000, *3 (D. Conn. Nov. 2, 2009)(rejecting petitioner's argument regarding a reduction in the weight of crack cocaine for base offense level purposes, noting that petitioner "misreads Kimbrough and Spears and erroneously asserts that they are retroactive"); United States v. Davis, 2009 WL 3415801, *2 (S.D.W.Va. Oct. 22, 2009)("Amendments 706 and 713 of the U.S. Sentencing Guidelines fell within a particular justification of the statute which allowed this and other courts to apply the changes retroactively. Kimbrough and Spears, though critical opinions for *future* federal sentencing practice, do not provide the authorization necessary to revisit and modify past sentences.")(emphasis in original); United States v. Muldrow, 2009 WL 3299598, *1 (D. Kan. Oct. 13, 2009)("Apprendi and Booker are not retroactive [citations omitted]. For the reasons that Booker is not retroactive,

---

[6] See Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); United States v. Mitchell, 122 Fed. Appx. 539, 540 (2d Cir. 2005); United States v. Leonard, 120 Fed. Appx. 759, 761 (10th Cir. 2005).

Kimbrough likely is not either [citations omitted].  And the Supreme Court's decision in Spears does not, [as petitioner] asserts, categorically abolish the sentencing disparity between crack and cocaine.").  See Gilson v. Sirmons, 2006 WL 2320682, *11 (W.D. Okla. 2006) (Apprendi does not apply retroactively).[7]

    2. <u>Fontes' Conviction Cannot be Further Lowered Because of the Statutory Mandatory Minimum</u>

Even if Fontes could prevail under the Teague analysis to show that Spears could be applied retroactively, this Court could not reduce Fontes' sentence further because of the mandatory minimum statute applicable to his case.  In other words, notwithstanding Spears, this Court could not choose to deviate from the mandatory minimum statute - the statutory sentencing scheme determined by Congress.  Thus, this Court is powerless to lower Fontes's sentence below the mandatory minimum sentence for the conviction.  See Perkins, 2009 WL 36980000, *3 ("While Kimbrough recognizes that a district court may disagree with the disparity of the crack cocaine guidelines, it does not authorize district courts to ignore mandatory minimum sentences imposed by

---

[7]See United States v. Tchibassa, 646 F. Supp. 2d 144, 149 (D.D.C. 2009)("Rita [v. United States, 551 U.S. 338 (2007)], Kimbrough, Gall [v. United States, 552 U.S. 38 (2007)], Spears, and Nelson [v. United States, 129 S.Ct. 890 (2009)] -- which merely elaborate on Booker -- likewise create no new rules that are substantive or watershed procedural rules within the meaning of Teague v. Lane.  Like Booker, then, those cases are not retroactively applicable.").

16

statute.") citing Kimbrough, 552 U.S. at 106 and U.S. v. Fanfan, 558 F.3d 105, 111 n.6 (1st Cir. 2009).  See also United States v. DePierre, 2010 WL 936472, *5 (1st Cir. Mar. 17, 2010)("Kimbrough does also say that the statutory mandatory minimums under 21 U.S.C. § 841 that are at issue here apply to crack ...."). Neither Spears nor the other cases cited by Fontes authorize modifications to the statutory mandatory minimum sentences for crack cocaine offenses, such as the ten-year statutory mandatory minimum under 21 U.S.C.  § 841(b)(1)(A).  Where a statutory mandatory minimum sentence exceeds the applicable guidelines range, the Court must set the guidelines sentence at the statutorily required minimum.  See U.S. S.G. § 5G1.1 (b); United States v. Williams, 551 F.3d 182, 186 (2d Cir. 2009); Perkins, 2009 WL 3698000 (Court may not lower crack cocaine sentence further under Amendment 706 when a mandatory minimum is in place); United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002)("the original guidelines have no bearing on what becomes the defendant's Guideline sentence because the mandatory minimums have subsumed and displaced the otherwise applicable guideline range"); United States v. Turner,  2009 WL 2050995 (Cen. D. Ill. Jul. 9, 2009).

Fontes argues that because of the crack cocaine amendment to the Guidelines, the Court has the power to override the statutory

17

minimum sentence.  However, § 3582(c)(2) "confers no power on the district court to reduce a minimum sentence mandated by statute." See United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994). "Argument[s] that the concerns that prompted the Sentencing Commission to lower the base offense level for cocaine base offenses should also result in reductions in the statutory mandatory minimums overlooks the fact that the Sentencing Commission is without power to determine statutory minimums." See United States v. Ganun, 547 F.3d 46, (1st Cir. 2008); Serrano v. United States, 2009 WL 691021, *6 (D. Mass Mar. 12, 2009)("The crack cocaine amendments to the Federal Sentencing Guidelines do not affect a statutorily assigned minimum sentence.").[8]  See Webb, 2009 WL 2992563 at *2 (rejecting in a § 2255 motion, petitioner's equal protection challenge to the statutory mandatory minimum sentences for crack cocaine, stating that "[N]either Spears nor the DOJ policy made any change to the statutory mandatory minimum sentences for crack cocaine

---

[8]See United States v. Williams, Criminal No. 03-40017-FDS, 2009 WL 2169193 (D. Mass. 2009)(where defendant moved to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) in accordance with the retroactive amended sentencing guidelines for crack cocaine, the Court stated: "It is highly doubtful whether defendant is eligible for a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  Defendant's sentence was not based on the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended, but on two mandatory minimum sentences that were reduced by operation of the safety valve.").

offenses.... At most, the DOJ policy and the Spears decision represent a shift in opinion among politicians and law enforcement authorities regarding the justification for treating crack cocaine offenses more harshly than offenses involving cocain powder or other controlled substances....").

In sum, the Court finds that Fontes' sentence has been reduced to its lowest permissible level (120 months, the statutory mandatory minimum).

### III. CONCLUSION

Based on the foregoing, Fontes has failed to demonstrate that further relief from sentence is warranted. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 73) with respect to the Amended Judgment (Docket No. 70) is DENIED.

The Court finds transfer to the First Circuit is not appropriate in the interests of justice, and therefore this action is DISMISSED in its entirety.  A separate Order of Dismissal shall enter.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE